DISTRICT OF OREGON
**F I L E D**
May 10, 2012
**Clerk, U.S. Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>CHRISTIAN PATRICK JOHN HICKEY and<br>CHRISTINE ANN HICKEY,<br><br>                            Debtors. | Bankruptcy Case<br>No. 11-62694-fra7 |
| STATE OF OREGON, DHS,<br><br>                            Plaintiff,<br>vs.<br>CHRISTIAN PATRICK JOHN HICKEY and<br>CHRISTINE ANN HICKEY,<br><br>                            Defendants. | Adversary Proceeding<br>No. 11-06204-fra |
| IN RE<br><br>LOUANNE SCUDDER,<br><br>                            Debtor. | Bankruptcy Case<br>No. 11-63252-fra7 |
| STATE OF OREGN, DHS,<br><br>                            Plaintiff,<br>vs.<br><br>LOUANNE SCUDDER,<br><br>                            Defendant. | Adversary Proceeding<br>No. 11-06206-fra<br><br><br><br>MEMORANDUM OPINION |

<u>BACKGROUND</u>

In these matters, the State of Oregon filed a complaint seeking to except from discharge the Debtors'

Page 1 - MEMORANDUM OPINION

obligation under Oregon law to refund overpayments of food stamp or public assistance benefits occasioned by the Debtors' unlawful failure to report income. The State is entitled to recover from the Debtors public assistance obtained unlawfully. ORS 11.620. Pursuant to that provision the State initiated an administrative proceeding which resulted in the liquidation of the State's claim and issuance of a distraint warrant.

The State's complaint set out two grounds for exception from discharge. First, the State alleges that the Debtors' failure not to report income in order to obtain public assistance to which the Debtors were not entitled, constituted fraud under 11 U.S.C. § 523(a)(2)[1]. Second, the State claims that the Debtors' obligation to repay the unlawfully obtained public assistance constitutes a domestic support obligation, and is therefore excepted from discharge under Code § 523(a)(5).

The Defendants did not appear, and a default order was entered. The State tendered a form of judgment relying on both causes of action. At that point the Court baulked, advising that it did not believe that the duty to repay was a domestic support obligation, and advised that a written opinion would follow.

## DISCUSSION

A. Section 523(a)(5)

Prior to amendment in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Code § 523(a)(5) read as follows:

> (a) A discharge . . . does not discharge an individual debtor from any debt --
> 
> * * *
> 
> (5) to a spouse,  former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental  unit, or property settlement agreement, but not to the extent that --
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

---

[1] Unless otherwise specified, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

Page 2 - MEMORANDUM OPINION

Beginning with the effective date of BAPCPA in 2005, Code § 523(a)(5) was amended to except from discharge a debt "for a domestic support obligation." A domestic support obligation (DSO) is defined at Code § 101(14A) as a debt:

    (A) owed to or recoverable by –

        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

        (ii) a governmental unit;

    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –

        (i) a separation agreement, divorce decree, or property settlement agreement;

        (ii) an order of a court of record; or

        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

There is no doubt that the State's claim is owed to a governmental unit, or that it was established by applicable non-bankruptcy law prior to the date of the Debtors' petition for relief. No one has asserted that the claim has been assigned to a nongovernmental entity. The question is whether the debt is "in the nature of alimony, maintenance, or support" as defined for purposes of § 101(14A). The State points to several opinions wherein the court held that such debts are in the nature of support: *Wisc. Dept. of Workforce Development v. Radliff*, (E.D. Wisc. 2008) (overpayment of food stamp benefits in the nature of support for purposes of § 101(14A)); *In re Anderson*, 439 B.R. 206 (Bankr. M.D.Ala. 2010) (Same); *In re Wheeler*, 2010 WL 503112 (Bankr. N.D.Ala. 2010 (Same).

Other courts have held that a debt for the overpayment of a support benefit is not in the "nature of support"; rather, it is for a return of money that should never have been paid to the recipient. *In re*

Page 3 - MEMORANDUM OPINION

*Kloeppner*, 460 B.R. 759, 762 (D. Minn. 2011) (Amount awarded to creditor by state court for overpayment of child support not in the nature of alimony, maintenance, or support.); *See also*, *Taylor v. Taylor (In re Taylor)*, 455 B.R. 799 (Bankr. D.New Mexico 2011) (debt must be in the nature of support with respect to party seeking to have the debt excepted from discharge); *In re Lutzke*, 223 B.R. 552, 554-55 (Bankr. D.Or. 1998) (overpayment of child support was dischargeable because it was not support and was not awarded because of need).

Under the old definition of Code § 523(a)(5), it was clear that the debt to be excepted from discharge must be to "a spouse, former spouse, or child of the debtor" and for the "support of such spouse or child." It was also clear, by negative implication in § 523(a)(5)(A), that the debt could be one that had been assigned to a federal or state agency. The new definition of domestic support obligation makes it clear that the debt can be one held by a "governmental unit," but it also provides at § 101(14A)(B) that even if held by a governmental unit, the debt must for the support of "such spouse, former spouse, or child of the debtor or such child's parent." While § 523(a)(5) may have been amended by BAPCPA, the changes did not change the standard for whether a debt or obligation is in the nature of support. *Stover v. Phegley (In re Phegley)*, 443 B.R. 154, 157 (8th Cir. BAP 2011); *In re Nelson*, 451 B.R. 918, 921(Bankr. D.Or. 2011). Whether an obligation is in the nature of support and thus qualifies as support under bankruptcy law is a question of federal law. *Friedkin v. Sternberg (In re Sternberg)*, 85 F.3d 1400, 1405 (9th Cir. 1996), *overruled on other grounds*, *Murray v. Bammer (In re Bammer)*, 131 F.3d 788 (9th Cir. 1997). Whether an obligation is in the nature of support requires the court to look to the "substance of the obligation." *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984).

The debt to the State for the overpayment of benefits is not for support of debtor's spouse, former spouse, or child of the debtor or such child's parent. Rather, it is a debt for the return of a benefit paid to the

// // //
// // //
// // //
// // //

Page 4 - MEMORANDUM OPINION

Debtor which should not have been paid in the first place. As such, the overpayment debt does not constitute a domestic support obligation for purposes of Code § 523(a)(5).[2]

B. Section 523(a)(2)

Code § 523(a)(2) states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by --
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> (B) use of a statement in writing
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive. (emphasis added).

The State in both cases under submission alleged that in receiving food stamp and other benefits, the Debtors had an affirmative duty to accurately report their and any family members' incomes and failed to report income that they and/or a member of their household received during 2010. Based on affirmative representations made by the Debtors that they had insufficient income to meet the needs of their family, made with the intent to deceive, and acting in reliance thereon, the State provided food stamp and other benefits to

---

[2] The question arises, what sort of debt could be held by a governmental agency that would constitute support under § 523(a)(5). An answer can be found at Code § 507(a)(1)(B), which assigns a first priority in payment to a 1) a DSO that is assigned to a governmental unit by a spouse, former spouse, child of the debtor, or such child's parent, and 2) a DSO that is owned directly to or recoverable by a governmental unit under applicable nonbankruptcy law. Examples under Oregon law of the latter include: ORS 412.024 (applicant for aid under Temporary Assistance for Needy Families is deemed to assign any rights to child support if aid is paid and received), ORS 418.032 (when DHS accepts custody of child and provides financial assistance for such child's care and support, state is subrogated to any right to support from any other person), ORS 419C.597 (when youth offender is in the custody of the Oregon Youth Authority and the youth authority is required to provide care and support of the offender, youth authority is subrogated to right of offender to support in a judgment of dissolution or other order).

Page 5 - MEMORANDUM OPINION

the Debtors. The Court finds that the State has alleged a prima facie case which entitles it to a judgment by default.

## CONCLUSION

Because the debts owed to the State for overpayment of food stamp and other benefits does not constitute a "domestic support obligation" under Code § 523(a)(5), but is excepted from discharge under § 523(a)(2), a judgment by default should be entered in each case under submission, finding the debt owed to the State to be excepted from discharge under § 523(a)(2). Counsel for the State of Oregon should submit an amended form of default judgment, in each case, consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge